IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUST 4 GIRLZ, *et al.*, ) | |
| ) | CASE NO. 1:12 CV 2205 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| CITY OF LAKEWOOD, *et al.*, ) | |
| ) | MEMORANDUM OPINION |
| Defendants. ) | AND ORDER |
| ) | |

This matter is before the Court on Defendants Motion for Sanctions, (ECF #53). The Court scheduled a status conference to discuss the Motion on May 9, 2013, fifteen days after the Motion was filed. Plaintiffs have not responded to the Motion, and they did not appear in person, or by representative at the scheduled status conference. Further, Plaintiffs have failed to provide necessary discovery to the Defendants even after the Court granted Defendant's Motion to Compel on April 5, 2013.

Defendants served Plaintiffs with discovery requests on December 6, 2012. (ECF #40). Having received no responses to the Requests for Production of Documents, among other things, Defendants filed a Motion to Compel Discovery on March 8, 2013. (ECF # 43). The Court granted the Motion to Compel on April 5, 2013. Plaintiffs indicated in March that they could not provide discovery because they were out of town on vacation, but would return on

April 3, 2013. To date, Plaintiffs have still failed to produce (1) recordings they claim to possess that are relevant to the case; (2) tax records for all three Plaintiffs going back five years for the individuals, and at least two years for the business; and, (3) other business records as set forth in the Request for Production of Documents. The production of these documents is now four months past due. Further, Plaintiffs, without notice, failed to show up for their depositions on April 24, 2013, despite having agreed to the date. Finally, Plaintiffs failed to appear at the status conference which had been scheduled for May 9, 2013 specifically to address the Defendant's Motion for Sanctions.

Pursuant to Fed. R. Civ. P. 37(B)(2), when a party fails "to obey an order to provide or permit discovery, including an order under Rule 37(a), the court where the action is pending may issue further just orders," and may impose sanctions including dismissal of the action in whole or in part. The Court has broad discretion in selecting an appropriate and proportionate sanction. *Snap-On Business Solutions, Inc. v. Hyundai Motor America*, 2011 WL 9925879 (N.D. Ohio, June 8, 2011). Dismissal of an action can be an appropriate sanction for discovery violations where it both punishes the offending party, and deters future litigants from such misconduct. *Bass v. Jostens*, 71 F.3d 237 (6th Cir. 1995).

Plaintiffs' failure to respond to discovery despite multiple requests and communications from Defendants, despite having promised to produce the discovery, and despite having been ordered by the Court to comply with the discovery requests is evidence of bad faith. Further, Plaintiffs' failure to attend properly noticed depositions and the status conference set by the Court without any notice or communication to the Court or other party is further evidence of a lack of good faith in this discovery process. Defendants will be prejudiced if Plaintiffs continue

to avoid their discovery obligations as they will not have access to evidence the Plaintiffs claim supports their case, nor will they be able to depose the Plaintiffs themselves. Further, the Court has already issued one order compelling discovery, and the Plaintiffs were put on notice by the filing of the Defendant's motion that dismissal was a possible sanction to be considered in this case. For these reasons, the Court hereby orders that Plaintiffs provide all outstanding discovery to the Defendants on or before Friday May 17, 2013. This shall include, but is not limited to: (1) any recordings Plaintiffs have or have access to that are relevant to the case, and (2) all tax and business records in existence that have been requested by the Defendants. Further, Plaintiffs shall agree with Defendants by Friday May 17, 2013 to a specific date and time to be deposed, which date shall be prior to the end of May, 2013. The agreed date shall be filed with the Court on or before May 17, 2013.

Plaintiffs are hereby noticed that if they fail to produce any of the requested documents or other discovery material by May 17, 2013; if they fail to agree to a deposition date by May 10, 2013; if they fail to appear for or cooperate at their scheduled depositions; or, if they fail to attend any further court proceedings without prior permission of the Court, the Court will dismiss this action with prejudice for failure to prosecute the case, and/or as a sanction for discovery abuses. IT IS SO ORDERED.

_Donald R. Nugent_
Donald C. Nugent
United States District Judge

Date: _May 9, 2013_